Case No. 21-1774 Nicholas L. Triantos v. Guaetta & Benson, LLC Your Honor, before we begin, I'd like to reserve two minutes for rebuttal. Okay, you may. Additionally, Your Honor, I'd like the Court to note that the bond was remitted last week. I was told by the District Court Clerk, Matthew Payne, that this Court would have been informed of that, as well as I appealed the sanction about a month or so ago to Guaetta & Benson. Okay. Let's proceed then. Thank you, Your Honor. Your Honor, starting off quickly with the companion case of McCardell. Michael McCardell originally was hired by me to represent me in this matter, as I was not a trial attorney. I'm a transaction attorney. His decision came down last October, October 22. In addition to all of the other reasons why sanctions weren't assessed against Mr. McCardell, was that I did not receive the 21-day safe harbor notification, ever. It's my understanding, in the McCardell case, that Guaetta & Benson relied upon a letter sent by a former partner at Gallant & Irvin, and the Court rejected this. Letters don't count. Counsel, I wrote that decision. That's correct, Your Honor. Mr. McCardell actually didn't file anything that constituted an appearance in federal court. That's correct. That's the basis for finding that the Court could not impose sanctions against him. I'd like to— So could you turn to your case, please? May I read the section where that rule— No, turn to your case. Yes, ma'am. Your Honor, after I responded to the motion for sanction, and I provided evidence that showed that prior to any foreclosure action or any assignment, as a matter of fact, about 45 days after the closing took place, that these notes and mortgages were sold to— Mr. Triantis. Yes. Look, you have two basic arguments. One is logically a predecessor to the other. The logically first argument is whether Judge Young, in imposing sanctions, complied with the requirements of Rule 11. The other has to do with the substance of the sanctions motion against you. You are attempting to get into the second issue, right? And in doing so, you are trying to evade the fact that this Court dismissed the case as being without merit. So perhaps it would help you to focus on Rule 11's procedural requirements. Thank you, Your Honor. So under Rule 11, Your Honor, there needs to be a finding that Judge Young never did. He also ignored any evidence that I had presented. And— What was the finding he needed to make, which he did not make? That I had done this in a frivolous fashion, without good faith, unsupported by the facts. Let me ask you, if you have an opinion from this Court, which is, you know, then you refile or file what you filed, isn't that frivolous or sanctionable? How do you get around that? Because there was an opinion already from the Court here dismissing your case. The evidence that I presented in that, in the underlying case, Your Honor, came from an alternative source. I never had any kind of discovery whatsoever in my case, none. And in fact, it was dismissed based upon Deutsche Bank counsel's testimony that misrepresented the law. He indicated that he could get another assignment. But that's a final—it's a final ruling. Okay. And if the Circuit says it's dismissed, how can you file that again? That's— I beg your pardon, Your Honor? How could I file it again? Yeah. How could you raise the issues again if there was a Circuit ruling already? I assumed that the underlying case would make a demonstration as to whether or not it was good faith or bad faith. I've never been able to develop my case ever. The only information I got was from the U.S. Bankruptcy Court and the sale documents from Alan Jacobs, who was the trustee of the New Century Mortgage Company, which was the originator, purportedly, of the subject mortgage. Counsel, can I move you back to the questions that Judge Lynch was asking? When you say that Judge Young didn't make the necessary finding, he did say during the oral argument, when you argued to him, that he thought that your claims against the attorneys in particular were, I think I'm paraphrasing, but essentially beyond meritless, that there was just absolutely no reason that you could have thought you had claims against the attorneys individually. Why is that not enough to satisfy the finding requirement? Okay. So with respect to that, initially when I first got notification from Sarah Fitzpatrick, actually it was a notice of intent to sell, I believe it was December 2013, I reached out to her and I said, look, I've been trying to resolve this thing with the services for years. And I sent her over a copy of the stolen identity letter that Countrywide had sent to me on September 6, 2008. And she proceeded to get in touch with the servicers so they could send me out a fraud package. The fraud package never arrived. I contacted them I don't know how many times, left voicemail messages. And honestly, a lot of loan modifications typically take a long time if that was how it was going to proceed. But in the meantime, I get a screaming call from my teenage son that somebody is walking around my property on August 4, 2014. I didn't receive any kind of notification of the foreclosure action. None of this was allowed to be developed in the lower case. So you're saying that just based on your conversation with her, that one conversation that you had basis to sue her and her colleagues? No, under Mass General Laws 93, Section 49, attorneys are considered debt collectors. It's different under the Fair Debt Collection Practices Act. The McCarthy-Halthus case was interpreting the Fair Debt Collection Practices Act. And not once but twice, they indicated that foreclosure is the collection of a debt. And that was the basis for my bringing an action against Guyetta and Benson. You actually asserted how many different causes of action against the law firm? Five? Four? They were agents of Deutsche Bank. Answer my question. So sorry. I'm sorry, Your Honor. How many causes of action did you assert? Off the top of my head, I believe it was four. And the motion for sanctions discussed each of those four and gave different grounds for each of the four. Nonetheless, Judge Young, in his sanctions order, did not distinguish among the four different claims. I would have thought your better argument was just to say he thought a lawsuit was without merit does not constitute the sort of findings under Rule 11 that the rule requires. Are you not making that argument? No, I have, Your Honor. If somebody could make a mistake, for example, that wouldn't give a rise to a sanctional conduct. Why can I ask? You know, you're a member of the foreclosure bar as are the members of the firm that you sued. It's one thing to oppose a foreclosure and indeed to make counterclaims. It's quite another thing to sue the law firm that brought the foreclosure action. Why did you sue the law firm? First of all, Your Honor, I'm not a member of any foreclosure bar. I don't do that. You're not. You're a real estate practitioner. Real estate attorney, closing attorney. All right, pardon me. But answer my question. Sure. So, Guy and Benson are the agents of Deutsche Bank. And Deutsche Bank really is the primary... You think an attorney is an agent and is therefore responsible for every claim that their clients bring and is subject to Rule 11 merely because they bring a claim on behalf of a client? No, I don't believe that at all, Your Honor. All right, then what's the distinction? The distinction is that the three named parties, Fitzpatrick, Gaeta, and Benson, they were all named personally. They all submitted documents personally. All of that was all by their hand, by their actions. But they're submitting them as attorneys. They're not submitting them in their personal capacity. They're submitting in capacity as an attorney, correct? If you look at the power of attorney, Your Honor, that's on record with the Registry of Deeds, it's part of my appendix, you'll find that those are listed individually. And several of their documents that they filed with various courts were listed as individuals. Okay. Your time is up. You have two minutes for rebuttal. So let's hear from opposing counsel. Thank you, counsel. At this time, if counsel for the appellees would introduce himself on the record to begin. Good morning, Your Honors. John Gallant from the law firm of Gallant and Urban representing the Gaeta and Benson LLC and the individual defendants, Peter, Gaeta, Audrey Benson, and Sarah Fitzpatrick. Briefly, Your Honor, the questions that the court has already elicited go to the heart of my argument. I'm going to be very brief and rely mostly on our documents. This is an appeal bought by Mr. Triantos appealing a decision of Judge Young awarding fees, a cost for $10,032 under Rule 11. We filed motions under Rule 11 and 231, but his finding is under Rule 11. The sole issue in this case is whether the judge abused his discretion and whether he made the findings and whether they were supported by the findings. And we submit, and we submitted our memorandum that they were. This is the exact case that Rule 11 was designed to counter to deal with. Counsel, normally one would expect in a Rule 11 order findings as required by the rule as to each of the different causes of action asserted. Are you suggesting that we look beyond the four corners of the ruling and go back to the hearing and try to parse what Judge Young was saying at the hearing? No, I think it should be abundant. I'm sorry. Let me just be clear. Sure. You are not relying on the transcript of the hearing? No, I didn't say that. Okay. I didn't say that. I think the transcript is evidence of what his findings were. I think the actual decision on the docket were his findings. We think his findings are sufficient. And why? As to each cause of action. Exactly. And let me explain why. He asserted different arguments as to each cause of action. We did. And that's because in this case the evidence of his complaint and the allegations against my client are void. In other words, there's no substantive allegation anywhere in his complaint and any of the causes of action that would describe why my clients are named individually. There's no cause of action. There's no mention of why they're sued individually. Our Rule 11 letter we sent them in March of 2017 says, look it, you've filed claims that are barred by the statute of limitations. You've filed claims where you've named them that just don't apply and are inapplicable. But nowhere in your complaint do you even put an allegation in there as to why you sued the firm and why you sued them individually. There's not even a substantive allegation. Even in his briefs he filed today, in his brief and his reply brief, nowhere. My clients are not even mentioned in the first brief anywhere, nor are the individuals anywhere. Because he wants to go back and argue the merits of his case against the bank. The only reason he brought my clients into this is he claims they were agents for the bank and therefore they should be sued. But his frivolousness of his actions were so obvious and so blatant and so ridiculous that there's not even an allegation. Judge Young at the hearing asked him, why did you sue? Same question that the court asked this morning. Why did you sue the attorneys? And then why did you sue them individually? He had no answer. He had no answer. And it's not even in his complaint why he did it. There's no allegation. We're sued Sarah Fitzpatrick individually because she did this. There's nothing in there. So blanket-wise, all of his claims should have failed at the very beginning. Never mind. Let me ask you, Bill. Assuming this is sanctionable, and we're not going into that, but Judge Young, in your view, did he comply with Rule 11 for imposing the sanctions or should we remand the case? Yes, I believe Judge Young complied with Rule 11 for sanctions. I think his ruling covers. Look, we filed a motion on all of the different grounds, but Judge Young said this is so obvious and so blatant that they don't even make an allegation to these clients for liability under any theory of recovery that he wanted sanctions in this case. And he asked them specifically on the record, which the court can make a finding. We think that's more than sufficient for a Rule 11 finding in this matter. This case has been going on for six years. Shouldn't he perhaps have invoked 28 U.S. Code Section 1927, vexatious litigation, which it's a little easier to impose sanctions? And, again, counsel is an attorney, so it can be imposed on him. It's the same effect. Yes, we also filed an alternative motion for 231 Section 6F for sanctions under that statute. But Judge Young, in his decision, ruled on his Rule 11. But we gave him the option of both, and we filed a motion for both, and the motion for sanctions was ruled on both. Why would a state law prohibition apply to a Rule 11 proceeding in the federal court? The law is clear that a state law statute regarding fees in 231 Section 6F is applicable on appeal regarding sanctions. And this court actually addressed that issue in the Rule 11 McArdle matter. But because Judge Young's decision cited Rule 11 and not 231, you can't invoke state remedies in a federal court because they do lie. Okay, so as I understand your argument, and my summary may be wrong, so correct it. Okay. Although the written, it's actually not even a written order, it's just a docket entry by the clerk as to what Judge Young's ruling was, did not lay out specific findings as to each cause of action. Nonetheless, if you go back and look at the complaint and look at the transcript and the fact that Judge Young asked the question, why did you sue the firm and the lawyers individually, that there was no answer. That if we put all of that together, that would resolve any questions we might have about the minute entry into the docket's compliance with Rule 11. Is that it? Essentially, yes. Our argument is that, yes, the findings that took place at the hearing and its decision comply with Rule 11 because the complaint and the allegations contained therein in our motion covered the entire gambit of all of his claims, and there was no basis for any of them. In other words, there was no pleading for any of them. Normally, when a rule requires that a judge make explicit findings, the Court of Appeals does not go back into the record in order to figure out whether that supplements the written order. The rule requires the judge to make those findings and make them explicit. So there's an institutional cost to adopting your version of the rule. So what's the reply? I understand there's an institutional cost for going back to look at it. I think the findings that he made at the hearing and the decision of the hearing goes to the underlying point of this case, and we think that the fact that there's no substantive allegations anywhere in this matter dealing with these defendants was clear to Judge Young that a Rule 11 sanction should be awarded. I think that's the basis that he awarded it on the docket. I think that's sufficient under Rule 11. Counsel, you didn't comply, though, with the procedural requirements in Rule 11, right? You didn't serve a copy of the motion at least 21 days in advance. We did. We did serve it 21 days in advance. We served it to his counsel of record at the time, not Mr. Triantos's, was not pro se at that point. So we served Mr. McConnell with a copy of it 21 days in advance. You served with a copy of the sanctions motion. Yes. Where is that in the record? I didn't know that was an issue, but I'm not sure that it is addressed in the record. I didn't see that Mr. Triantos raised that issue in this case. I would have certainly provided that copy. We didn't also provide the Rule 11 letter that we sent in March of 2017. We mentioned it in our facts, but I didn't supply it to the court of appeal yet. That's not part of the district court docket? What is not? The Rule 11 letter. I believe it is. It's part of the docket and part of our motion for sanctions. So can I ask you a question? You didn't serve Mr. McArdle with a copy. Isn't it the same motion? Or am I misunderstanding? I thought you made one motion for sanctions against both of them. We filed two motions for sanctions against both of them under 231 Section 6F and Rule 11, both memorandum that were served upon Mr. McArdle 21 days in advance. Or they were served upon, excuse me, they were served upon, I misspoke to the court, they were served upon Mr. Triantos. Mr. McArdle wasn't his counsel at the present time. He's the one that alleged that he didn't get the 21 days notice. Mr. Triantos did. And I didn't realize that that was an issue, but certainly we served him with a copy of that. And is Mr. Triantos, he's alleging he didn't receive the 21-day notice. He realized it this morning. It's not anywhere in his briefs, otherwise I would have addressed it. I mean, he filed two briefs and a 1,500-page appendix, and nowhere in it does he allege he didn't get the notice on the 21 days. So that would act as a waiver? Absolutely. I would have certainly addressed it in my appellate argument had I known that was going to be an issue. We comply with all of the requirements of Rule 11. Just to be clear, in response to Judge Helpe's question to you, you say we will find in the record before the district court that Mr. Triantos was served 21 days. Yeah, the motions had a certificate of service with them that would have elicited that we provided copies of that 21 days in advance of the hearing. Yes. They're on the record of the district court, both motions. Thank you. In summation, in this particular case, based upon the timing that is related, we think the evidence is clear that Judge Young's decision is correct, that it should be supported by the findings of Rule 11. Even in any of his briefs, there's absolutely no allegation against my clients or why they should have been joined in this case on any cause of action. As a result, we think the fee should stand. Thank you, Your Honor. Thank you. Okay, Mr. Triantos, you have two minutes rebuttal. And before your two minutes start, let me just pose a question so I don't cut your time. Counsel says in the record the 21 days have been complied. That's in the record below. So if you want to react to that, please go ahead and use your two minutes. Yeah, I've looked at that record, and I didn't see it. I certainly didn't receive it. There were two motions filed. One was done in 2017, and then another one in 2020, after the underlying case was appealed and later dismissed. At no time did I receive any notification or any service of either one of those motions 21 days before they were filed. The moment I saw them was when they popped up on my email showing that there was activity in a particular case. Okay. Go ahead and then use your time. Okay. In addition, Your Honor, I may have omitted the 21-day rule. I can, however, provide a 28-day letter to this court with the appropriate authorities that demonstrate that I did not and that the appropriate procedural matters have not been met in this case. Okay. Anything else? That's it. Thank you, Your Honor. Okay. You're excused. Thank you. Thank you, counsel.